UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

               Plaintiff,

v.

STEVE SCALISE,

               Defendants.

Case No. 2:23-cv-00040-BJR-TLF

REPORT AND RECOMMENDATION

NOTED FOR FEBRUARY 17, 2023

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff John Demos, a state prisoner, has filed an application to proceed in forma pauperis ("IFP") and a proposed civil-rights complaint. Dkts. 1, 1-1. For the reasons discussed below, the Court recommends that the IFP application be denied and plaintiff's complaint be dismissed without prejudice.

### DISCUSSION

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by

REPORT AND RECOMMENDATION - 1

the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

The imminent danger exception requires that a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056. (9th Cir. 2007). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the iminency requirement.'" *Id.* (*quoting Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat to him is real and proximate. *Cervantes*, 493 F.3d at 1056 (*citing Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

This appears to be one of plaintiff's first two IFP applications and proposed actions this year. In his complaint, plaintiff alleges that while Congress was "in limbo" and did not have a Speaker of the House of Representatives, his constitutional rights were violated. Plaintiff states he was in imminent danger as a result.

Plaintiff's claim would be subject to dismissal because the claim does not meet the standards of *Ashcroft v. Iqbal,* 556 U.S. 662, 678-681 (2009) and Fed. R. Civ. P.

NOTED FOR FEBRUARY 17, 2023 - 2

8(a). His claims are bare assertions; the allegations are conclusory, speculative and unsupported by assertions of plausible facts.

Therefore, plaintiff's complaint should be dismissed for failure to state a claim. Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In this situation, it appears that amendment would be futile. Plaintiff seeks $2,000,000 in damages. This is a nonsensical pleading that would meet the definition of frivolous -- no arguable basis in law or fact – and would be subject to dismissal even if the Court granted leave to amend. Under *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991), the Court should decline to grant leave to amend.

Therefore, the Court recommends that plaintiff's IFP application be DENIED and his complaint be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also*

NOTED FOR FEBRUARY 17, 2023 - 3

1  Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for
2  purposes of *de novo* review by the district judge, see 28 U.S.C. § 636(b)(1)(C), and can
3  result in a waiver of those objections for purposes of appeal. See *Thomas v. Arn*, 474
4  U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations
5  omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is
6  directed to set the matter for consideration on February 17, 2023, as noted in the
7  caption.

    Dated this 30th day of January, 2023.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR FEBRUARY 17, 2023 - 4